UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD J. FLEMING,<br><br>        Plaintiff,<br><br>  v.<br><br>ROSANNE FAUL, et al.,<br><br>        Defendants. | **NEW CASE NUMBER:**<br>**1: 05-CV-00960-AWI-SMS**<br>FORMER CASE NUMBER:<br>1: 05-CV-00960-AWI-SMS P<br><br>ORDER DIRECTING THE CLERK TO REDESIGNATE THIS ACTION AS A REGULAR CIVIL CASE BY REMOVING THE "P" FROM THE CASE NUMBER<br><br>ORDER DIRECTING THE PARTIES TO USE THE REGULAR CIVIL CASE NUMBER<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND, AND REQUIRING PLAINTIFF TO PAY THE FILING FEE IN FULL OR FILE AN APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ORDER DIRECTING THE CLERK TO SEND TO PLAINTIFF A BLANK IN FORMA PAUPERIS FORM FOR A PERSON IN CUSTODY, A BLANK CIVIL RIGHTS COMPLAINT FORM, AND A BLANK HABEAS CORPUS FORM |

    Plaintiff is a state prisoner proceeding pro se with what appears to be an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local

1

Rules 72-302 and 72-304.

I. <u>Redesignating Action and Use of Correct Case Number</u>

The Clerk of the Court incorrectly designated the action as one involving a prisoner litigating the conditions of his confinement at a California state prison and assigned a "P" to the case number. Upon further review by the Court, it has been determined that the present action does not involve state prison conditions of confinement. Therefore, the Clerk of the Court IS DIRECTED to change the designation of the present case to reflect that of a regular civil action by removing the "P" from the case number.

Further, the parties ARE DIRECTED to use the redesignated case number, from which the "P" suffix has been removed, in the pleadings and documents filed in this action.

II. <u>Screening the Complaint and Payment of the Filing Fee or Submitting an Application to Proceed in Forma Pauperis</u>

In the complaint filed on July 27, 2005, Plaintiff alleged that Defendant Rosanne Faul, an attorney in the Merced County Public Defender's Office, rendered ineffective assistance of counsel in 2004 in violation of Plaintiff's Sixth and Fourteenth Amendment rights while representing Plaintiff in connection with a probation violation that resulted in Plaintiff's being sentenced to six years in prison. Plaintiff alleges that Defendant failed to object, negotiate, submit evidence, and investigate. He further alleges that on February 27, 2004, Defendant Faul conspired with Probation Officer Michael Parker to railroad Plaintiff into prison. Plaintiff alleges that just before the hearing on the probation violation, Parker told

2

Defendant Faul that he did not care what was done about Plaintiff's restitution obligation, but that she should leave the rest alone; Plaintiff was going to prison no matter what the outcome. Defendant Faul allegedly responded by stating not to worry. During the hearing, Defendant Faul argued about the restitution, and the restitution was dropped, but Defendant did nothing else for Plaintiff. On May 13, 2004, Plaintiff was sentenced to prison. Plaintiff seeks damages.

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff neither paid the filing fee nor filed a completed application to proceed in forma pauperis. Further, Plaintiff, who is incarcerated, is suing his attorney for ineffective assistance of counsel.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. In this instance, Plaintiff

3

has not alleged any facts that suggest his conviction has been invalidated. Accordingly, Plaintiff's claim for damages against his public defender under section 1983 is barred. <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995).

The Court will, by this order, dismiss Plaintiff's complaint, with leave to amend. If Plaintiff wishes to pursue claims for relief under section 1983 based on conditions of confinement that violate his constitutional rights, Plaintiff may file an amended complaint. If Plaintiff wishes to challenge the fact or duration of his confinement, he may not do so in this action and must file a petition for writ of habeas corpus. If Plaintiff decides he does not want to pursue this action, Plaintiff may file a notice of voluntary dismissal seeking the Court to dismiss this action.

Finally, Plaintiff has not paid the filing fee or filed an application to proceed in forma pauperis. The filing fee for this action is $250.00, and the filing fee for a habeas petition is $5.00. If Plaintiff wishes to file an amended complaint and proceed with this action, he must either pay the $250.00 filing fee in full or file an application to proceed in forma pauperis, which, if granted, will result in the cost of the filing fee being deducted in increments from his trust account at Plaintiff's institution of confinement.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff an application to proceed in forma pauperis, a civil rights complaint form, and a petition for writ of habeas corpus;
2. Plaintiff's complaint is dismissed, with leave to

4

amend;

3. If Plaintiff wishes to pursue this civil rights action, Plaintiff must file an amended complaint and either pay the filing fee in full or file an application to proceed in forma pauperis **within thirty (30) days;**

4. If Plaintiff does not wish to pursue this action, Plaintiff may file a notice of voluntary dismissal **within thirty (30) days** from the date of service of this order; and

5. If Plaintiff neither files a notice of voluntary dismissal nor files an amended complaint and pays the filing fee or files an application to proceed in forma pauperis, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   August 24, 2005**           /s/ Sandra M. Snyder
icido3                         UNITED STATES MAGISTRATE JUDGE