UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARNOLD J. FLEMING, | ) | 1: 05-CV-00960-AWI-SMS |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR PLAINTIFF'S |
| v. | ) ) | FAILURE TO PAY THE FILING FEE IN FULL OR FILE AN APPLICATION TO |
| ROSANNE FAUL, et al., | ) ) | PROCEED IN FORMA PAUPERIS, AND FAILURE TO FILE AN AMENDED |
| Defendants. | ) ) ) | COMPLAINT (DOC. 3) |

Plaintiff is a state prisoner proceeding pro se with what appears to be an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

On August 26, 2005, the Court directed Plaintiff within thirty days to submit an application to proceed in forma pauperis or to pay the filing fee in full because Plaintiff had not done so; further, the Court directed Plaintiff within thirty days to dismiss the action or to file an amended complaint or petition for writ of habeas corpus because it appeared that Plaintiff was attempting to seek damages for ineffective assistance of counsel

1

rendered in a case resulting in a criminal conviction which Plaintiff had not shown was invalidated. The docket reflects that the Court's order was served on Plaintiff on August 26, 2005.

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1)

the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since July 2005 without even the payment of the filing fee. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- the public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring Plaintiff to pay the filing fee and file an amended complaint expressly stated that a failure of Plaintiff to pay the filing fee in full, file an application to proceed in forma pauperis, and file an amended complaint would be considered to be a failure to comply with an order of the Court and would result in dismissal of the action. Thus, Plaintiff received

3

1  adequate warning that dismissal would result from his
2  noncompliance with the Court's order.
3      Accordingly, the Court HEREBY RECOMMENDS that this action be
4  DISMISSED, without prejudice, pursuant to Local Rule 11-110 for
5  Plaintiff's failure to comply with the Court's order.
6      These findings and recommendations are submitted to the
7  United States District Judge assigned to the case, pursuant to
8  the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days
9  after being served with these findings and recommendations, any
10 party may file written objections with the court and serve a copy
11 on all parties. Such a document should be captioned "Objections
12 to Magistrate Judge's Findings and Recommendations." Any reply to
13 the objections shall be served and filed within ten days after
14 service of the objections. The parties are advised that failure
15 to file objections within the specified time may waive the right
16 to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
17 1153 (9th Cir. 1991).

19 IT IS SO ORDERED.

20 **Dated:   October 11, 2005**              **/s/ Sandra M. Snyder**
   icido3                                    UNITED STATES MAGISTRATE JUDGE